UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD ROURKE, ) | 1:12-CV-00332 GSA HC |
| ) | |
| Petitioner, ) | ORDER DISMISSING PETITION FOR WRIT |
| ) | OF HABEAS CORPUS |
| v. ) | |
| ) | ORDER DIRECTING CLERK OF COURT |
| ) | TO ENTER JUDGMENT AND TERMINATE |
| HECTOR RIOS, JR., ) | CASE |
| ) | |
| Respondent. ) | |

Petitioner, a federal prisoner proceeding pro se, has filed an application for a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He has consented to the jurisdiction of the magistrate judge pursuant to 28 U.S.C. § 636(c).

**BACKGROUND**

Petitioner is currently in custody of the Bureau of Prisons ("BOP") at the United States Penitentiary located in Atwater, California, serving a sentence of 70 months imposed on December 10, 2007, pursuant to a judgment of the United States District Court for the District of Kansas. Petitioner states the BOP has refused his request for placement into a Residential Re-entry Center ("RRC") pursuant to 18 U.S.C. § 3621(b). He asks that the Court order the BOP to conduct a new consideration hearing.

**DISCUSSION**

A.  Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  See Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).  Accordingly, the Court will conduct a preliminary review pursuant to its authority under Rule 4.

B.  Jurisdiction

Writ of habeas corpus relief extends to a person in custody under the authority of the United States.  See 28 U.S.C. § 2241. Writ of habeas corpus relief is available if a federal prisoner can show he is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  Petitioner's claims are appropriately brought under 28 U.S.C. § 2241 because they concern the manner, location, or conditions of the execution of petitioner's sentence and not the fact of petitioner's conviction or sentence. Tucker v. Carlson, 925 F.2d 330, 331 (9th Cir.1990) (stating that a challenge to the execution of a sentence is "maintainable only in a petition for habeas corpus filed pursuant to 28 U.S.C. § 2241"); Montano-Figueroa v. Crabtree, 162 F.3d 548, 549 (9th Cir.1998) (*per curiam*) (allowing a federal prisoner to use § 2241 to challenge the BOP's restitution policies).

As noted above, Petitioner claims the BOP has refused his request for placement into a Residential Re-entry Center ("RRC") under 18 U.S.C. § 3621(b).  Petitioner acknowledges that the BOP considered his request but determined that "due to [Petitioner's] violent criminal history and acts of violence while incarcerated[1] in the 'Federal Bureau of Prisons,' to allow any extra RRC [placement] over 30 days would place the public at undue risk."  (See Petition at 2.)  Petitioner is

---

[1] Petitioner makes reference to 24 incident reports, many involving violence. (See Petition at 2-3.)

1  dissatisfied with this determination and claims the determination was inconsistent, biased,
2  discriminatory and pre-determined.  He claims the BOP failed to consider all five factors set forth in
3  18 U.S.C. § 3621(b). He further claims the BOP failed to consider that Petitioner participated in a
4  skills development program without incident.
5        The BOP is solely responsible for designating the place of a federal prisoner's confinement.
6  18 U.S.C. § 3621(b). A federal habeas court lacks jurisdiction to review the BOP's individualized
7  placement determinations. See Reeb v. Thomas, 636 F.3d 1224, 1227–28 (9th Cir.2011) ("To find
8  that prisoners can bring habeas petitions under 28 U.S.C. § 2241 to challenge the [BOP's]
9  discretionary-determinations made pursuant to 18 U.S.C. § 3621 would be inconsistent with the
10 language of 18 U.S.C. § 3625.... [F]ederal courts lack jurisdiction to review the [BOP's]
11 individualized [ ] determinations made pursuant to 18 U.S.C. § 3621."); see also United States v.
12 Draqna, 746 F.2d 457, 458 (9th Cir.1984), *cert. denied*, 469 U.S. 1211 (1985) (district court does not
13 have jurisdiction to decide the location of a defendant's incarceration; that decision rests solely with
14 the executive branch); United States v. Charry Cubillos, 91 F.3d 1342, 1343 n. 1 (9th Cir.1996)
15 (citing Draqna); Cook v. Wiley, 208 F.3d 1314, 1319 (11th Cir.2000) (18 U.S.C. § 3625 precludes
16 habeas review of BOP's adjudicative decisions, although it does not preclude review of BOP's
17 rulemaking decisions); Martin v. Gerlinski, 133 F.3d 1076, 1079 (8th Cir.1998) (same).  This Court
18 lacks jurisdiction to review the individualized determination made by the BOP.  Accordingly, the
19 petition must be dismissed.

20       **ORDER**
21     Accordingly, IT IS HEREBY ORDERED:
22     1) The petition for writ of habeas corpus is DISMISSED WITH PREJUDICE; and
23     2) The Clerk of Court is DIRECTED to enter judgment and terminate the case.
24
25     IT IS SO ORDERED.
26     Dated:   **March 27, 2012**                    /s/ **Gary S. Austin**
                                                                       UNITED STATES MAGISTRATE JUDGE
27
28